AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Nebraska

**SEALED**

| | |
|---|---|
| United States of America<br>v.<br><br>COLDY HACKWORTH<br><br>*Defendant(s)* | Case No. 8:19MJ323 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **June 19, 2019** in the county of **Douglas** in the
District of **Nebraska**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C § 922(g)(1) | Felon in Possession of a Firearm |
| 18 U.S.C § 472 | Uttering or Possession of Counterfeit United Sates Currency |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

*Complainant's signature*

Austin Taylor, OPD Officer, FBI TFO
*Printed name and title*

☑ Sworn to before me and signed in my presence.

☐ Sworn to before me by telephone or other reliable electronic means.

Date: 7/29/2019

*Judge's signature*

City and state: Omaha, Nebraska    Michael D. Nelson, U.S. Magistate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

           Plaintiff,

vs.

COLDY D. HACKWORTH,

           Defendant.

8:19MJ323

AFFIDAVIT OF COMPLAINING WITNESS

I, Austin Taylor #2183, Omaha Police Department Police Officer and FBI Safe Streets Task Force Officer, being duly sworn, do depose and state:

1. I am currently employed by the Omaha Police Department and have been so for 5 years. I have been assigned to the Criminal Investigations Bureau for approximately 1 year and am currently assigned as a detective with the Gang Unit and am also an FBI Safe Streets Task Force Officer. My current duties include investigating violent crime as well as firearms related offenses. Prior to my employment at the Omaha Police Department, I was employed by the Lincoln Police Department for 2 years as a police officer.

2. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other members of law enforcement and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested arrest warrant and complaint and does not set forth all of my knowledge about this matter.

3. Affiant states that there is probable cause to believe that HACKWORTH committed violations of federal law, specifically, Felon in Possession of a Firearm in violation of

18 U.S.C. § 922(g)(1), Possession of a Firearm by a Fugitive from Justice in violation of 18 U.S.C. § 922(g)(2), Possession of a Firearm following a Conviction for a Crime of Domestic Violence in violation of 18 U.S.C. § 922(g)(9), Receipt of a Firearm while under Indictment/Information in violation of 18 U.S.C. § 922(n), and Uttering or Possessing Counterfeit United States Currency in violation of 18 U.S.C. § 472.

4. On Wednesday, June 19, 2019, at approximately 2244 hours, Reporting Officers GRAYSON #2274 and BARNES #2278 were dispatched to the area of 7403 N 42nd St, Omaha, Douglas County, Nebraska, for a suspicious vehicle. The caller advised a vehicle was possibly being dumped around the corner and may be stolen and would like Officers to check it.

5. R/O's located the vehicle parked on private property and it was facing towards Officers with the lights off, but the engine running. Officers observed the vehicle did not have a front plate or any visible in-transits in the front windshield. As officers exited the vehicle the male passenger was observed telling the female driver to "go go go". The female driver revved up the engine, although the truck was still in park. The only way for the truck to leave would have been for it to strike Officers and their marked Police vehicle. R/O's immediately ordered the driver to stop and turn off the truck. Both occupants were removed from the vehicle and placed into custody for Officer safety until they could be identified.

6. R/O GRAYSON #2274 spoke with the female driver, PARTAIN Tabitha. PARTAIN admitted that she had current warrants for her arrest. PARTAIN stated there is also methamphetamine drug paraphernalia inside of the truck inside the driver's side door handle. PARTAIN was then placed in the rear of the police cruiser. R/O GRAYSON

then spoke with the passenger, Coldy HACKWORTH. HACKWORTH admitted he also currently had methamphetamine on his person. HACKWORTH stated the methamphetamine was in the small little pocket on his right jean pocket. R/O BARNES retrieved the methamphetamine and HACKWORTH was then placed in the back of the police cruiser.

7. R/O BARNES searched the vehicle and located the drug paraphernalia PARTAIN had talked about, as well as a Hi-point 9mm Luger Firearm S/N P1627380 underneath the passenger seat where HACKWORTH was seated upon Officers initial observations.

8. At this time, R/O GRAYSON removed PARTAIN from the vehicle and read her Miranda Warning. PARTAIN waived her Miranda rights and agreed to make a statement and answer questions. PARTAIN stated the firearm is HACKWORTH's and she did not even find out about the gun until the police pulled up. PARTAIN stated as the police pulled up HACKWORTH stated to her that she needs to "go" because he has a gun on him. PARTAIN stated while they were both seated in the back seat of the cruiser that HACKWORTH was asking her to take ownership of the gun. PARTAIN stated she had also never touched this particular firearm. PARTAIN was later booked into DCC by Officer SMITH #2338 for her warrants.

9. R/O GRAYSON advised HACKWORTH of his *Miranda* rights. HACKWORTH stated he understood his rights and asked if he could try and ask something off the record. HACKWORTH was advised nothing is off the record and that everything is being recorded via bodycam. HACKWORTH acknowledged this and began giving his statement. HACKWORTH admitted ownership of the firearm. HACKWORTH

stated it is a 9mm and he purchased it for protection for $150 approximately 2-3 weeks ago from a known third party. HACKWORTH admitted he had also been handling the firearm prior to Officers arrival so his DNA would be on it.

10. HACKWORTH was later transported to Douglas County Corrections ("DCC") for the firearm and methamphetamine charges. While at DCC, Officers located counterfeit currency inside of HACKWORTH's bag. HACKWORTH was questioned and initially denied knowing it was counterfeit. HACKWORTH then stated that he has a bunch more of it and he knows it's counterfeit. HACKWORTH stated he has about $6,000 in counterfeit currency that was left inside of the truck back at the initial location. HACKWORTH also stated that inside of his wallet is another blue $100 bill that is counterfeit. Officers later went back out to the scene and located a grey bag that contained another $5600 in counterfeit $100 dollar bills. A total of $5800 was booked into property.

11. A Firearms Trace Summary was completed through the Bureau of Alcohol, Tobacco, Firearms, and Explosives and the firearm was originally purchased at a retail store in Thief River Falls, Minnesota. As a result, for the firearm to be located in Omaha, Nebraska, it would have had to travel in interstate commerce.

12. It should be noted that HACKWORTH has been convicted of numerous Felony charges prior to this incident and cannot legally possess any deadly weapons, particularly firearms: Hackworth was convicted in Nebraska for the following Felonies: May 7, 2012 Felony Conviction for **Felony Flight to Avoid Arrest**; August 10, 2012 Felony Conviction for **Theft by unlawful Taking**; August 10, 2012, Felony Conviction for **Hit and Run personal injury accident**; November 30, 2015,

Felony Conviction for **Felony Flight to Avoid Arrest** and Felony Conviction for **Criminal Mischief**.

13. On October 10, 2010, HACKWORTH was convicted of misdemeanor Domestic Violence Assault in the 3rd Degree.

14. At the time of this offense, HACKWORTH was under information and on release after posting bond for **Assault 2nd Degree and Use of a Weapon to Commit a Felony** (Both of which are felony offenses) in the District Court of Douglas County, Nebraska.

15. At the time of this offense there was a valid arrest warrant for HACKWORTH out of Lancaster County for the crime of **Driving Under Suspension**.

16. Affiant states that there is probable cause to believe that HACKWORTH committed violations of federal law, specifically, Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1), Possession of a Firearm by a Fugitive from Justice in violation of 18 U.S.C. § 922(g)(2), Possession of a Firearm following a Conviction for a Crime of Domestic Violence in violation of 18 U.S.C. § 922(g)(9), Receipt of a Firearm while under Indictment/Information in violation of 18 U.S.C. § 922(n), and Uttering or Possessing of Counterfeit United States Currency in violation of 18 U.S.C. § 472.

17. Affiant states that all statements contained in this affidavit are true and correct to the best of his knowledge.

_____
AUSTIN TAYLOR, #2183
Omaha Police Department Detective
FBI Safe Streets Task Force Officer

SUBSCRIBED and SWORN to before me this 29th day of July, 2019.

_____
MICHAEL D. NELSON
United States Magistrate Judge