IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:19CR275 |
| v. | |
| COLDY HACKWORTH, | MEMORANDUM AND ORDER |
| Defendant. | |

On November 18, 2019, defendant Coldy Hackworth ("Hackworth) pleaded guilty to one count of passing, uttering, publishing, or selling counterfeit currency, in violation of 18 U.S.C. § 472 and § 2, and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The Court[1] accepted Hackworth's plea and sentenced him to 77 months in prison to be followed by three years of supervised release. Judgment was originally entered on February 25, 2020, and was twice amended thereafter. Hackworth did not file a direct appeal.

Now before the Court is Hackworth's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 42). Hackworth asserts two grounds for relief. First, he argues that his conviction under 18 U.S.C. § 922(g) is unconstitutional because the statute violates the Second Amendment to the United States Constitution under the "history and tradition" test set out in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. ___, ___, 142 S. Ct. 2111, 2126 (2022). Second, Hackworth alleges he received ineffective assistance of counsel during the proceedings against him—in violation of his Sixth Amendment rights.

---

[1]The Honorable Laurie Smith-Camp presided over the proceedings against Hackworth. Due to her passing, this matter was reassigned (Filing No. 43).

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires the Court to conduct a prompt initial review of Hackworth's § 2255 motion. Unless "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief," the Court must order the United States Attorney to respond to the motion or "take other action the judge may order." *Id.* Because it plainly appears that Hackworth's motion is untimely under § 2255, the Court denies the motion on initial review.

Motions under § 2255 are generally subject to a one-year limitation period. 28 U.S.C. § 2255(f)(1)-(4). That period typically begins to run on "the date on which the judgment of conviction becomes final." *Id.*; *see also Russo v. United States*, 902 F.3d 880, 882 (8th Cir. 2018). However, a defendant may file "at a later date . . . if the motion comes within one year of 'the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.'" *Russo*, 902 F.3d at 882 (quoting § 2255(f)(3)).

Well over a year has passed since Hackworth's conviction became final in early 2020. Nevertheless, he asserts the Court should still find his motion timely due to "new law after conviction on [18 U.S.C. §] 922(g)." The only new law cited by Hackworth that could even arguably toll the limitations period for this § 2255 motion is the Supreme Court's decision in *Bruen*.[2]

The *Bruen* decision, however, does not save Hackworth's motion from untimeliness. To start, Hackworth cannot benefit from the § 2255(f)(3) limitations period

---

[2]While Hackworth cites recent lower-court decisions regarding the constitutionality of § 922(g), *see, e.g.*, *Range v. Att'y Gen. U.S. of Am.*, 69 F.4th 96 (3d Cir. 2023), the limitations period in § 2255(f)(3) can only be tolled by the new recognition of a right by the Supreme Court, *see E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006) (explaining "a decision taken from a federal court of appeals does not provide an independent basis to trigger the one-year statute of limitations provided under § 2255").

because his motion demonstrates that *Bruen* merely "serves as a predicate for urging adoption of another new rule that would recognize the right asserted" by him. *Russo*, 902 F.3d at 883 (quoting *Donnell v. United States*, 826 F.3d 1014, 1017 (8th Cir. 2016)). *Bruen* addressed New York's handgun-licensing requirement that applicants demonstrate a "special need for self-protection." 597 U.S. at ___, 142 S. Ct. at 2123. Because the Court reasoned this "proper cause" requirement was not consistent with "the Nation's historical tradition," the regulation was found to violate the Second Amendment. *Id*. at ___, 142 S. Ct. at 2138. Since *Bruen* did not concern the constitutionality of § 922(g), it can only serve as a "predicate for urging adoption of another new rule" that convictions like Hackworth's are contrary to the Second Amendment. *Russo*, 902 F.3d at 883. *Bruen*, therefore, did not toll the limitation period for the present motion because the decision did not announce a retroactively applicable right with respect to challenges based in the Second Amendment to particular criminal convictions. *See id.*

But Hackworth's motion would still be untimely even if *Bruen* somehow recognized a new, retroactively-applicable right of criminal defendants charged under § 922(g). Over a year passed between the issuance of that decision on June 23, 2022, and Hackworth's execution of his § 2255 motion, which he signed on September 26, 2023. Because Hackworth has not provided us with any other bases for equitably tolling the § 2255 limitations period, his motion appears to be untimely. Therefore, it will be dismissed on the Court's initial review.

IT IS SO ORDERED.

Dated this 10th day of October 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge